**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | ) |
| | ) |
|   **Plaintiff,** | ) |
| | ) |
|     **vs.** | )  **Case No. 4:23 CR 583 RLW (JSD)** |
| | ) |
| **LAWRENCE Q. JOHNSON,** | ) |
| | ) |
|   **Defendant.** | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on the Government's Motion for Pretrial Detention. (ECF No. 4). The Court held a detention hearing on January 16, 2024. After considering all of the evidence in this case, the Government's request for pretrial detention is denied.

## BACKGROUND

Mr. Johnson is charged with being a felon in possession of a firearm. (ECF No. 1). The Government seeks pretrial detention pursuant to 18 U.S.C. §§ 3141-3142 of the Bail Reform Act. The Government alleges Mr. Johnson poses a serious risk of danger to the community as well as a risk of flight. The United States Pretrial Services Office prepared a Bail Report for the Court's consideration. (ECF No. 14). The Court adopts the factual statements in the Bail Report as part of the record for the detention issue.

Mr. Johnson is 18 years old and has lived in St. Louis for most of his life. Mr. Johnson did not graduate from high school nor earned his GED. He has a limited employment history. He has not maintained a stable home environment for the past year and lived part of that time with a cousin. He is not able to continue living with his cousin, nor can he live with either parent. His attorney suggested he could live with his grandmother; however, Pretrial Services conducted a home study and learned that he could not live there for more than two weeks, and he would not have a bed. Pretrial Services did not approve of this home plan.

Mr. Johnson was shot in the arm when he was 16 years old and shot in the leg in 2022. He has a prescription for Oxycontin for pain caused by these injuries. He takes Trazodone to help him sleep, and another medication for his anxiety. He does not have a passport and never traveled outside the United States. He uses marijuana daily. Mr. Johnson does not have any criminal convictions. He has a pending felony charge for Stealing a Motor Vehicle and a misdemeanor charge for Tampering with a Motor Vehicle 2nd Degree.

The Government alleges that on March 20, 2023, Mr. Johnson possessed a machine gun while he was sitting as a passenger in a vehicle with a fraudulent license plate. As the officers approached the vehicle, he pulled a mask down over his face. The firearm was a handgun with an auto sear switch, allowing it to function as a machine gun.

## DISCUSSION

"In our society liberty is the norm, and detention prior to trial or without trial is the carefully limited exception. . . . The [Bail Reform] Act authorizes the detention prior to trial of arrestees charged with serious felonies who are found after an adversary hearing to pose a threat to the safety of individuals or to the community which no condition of release can dispel." *United States v. Salerno*, 481 U.S. 739, 755 (1987).

A defendant may be detained before trial "[o]nly if the government shows by clear and convincing evidence that no release condition or set of conditions will *reasonably assure* the safety of the community and by a preponderance of the evidence that no condition or set of conditions . . . will *reasonably assure* the defendant's appearance[.]" *United States v. Abad*, 350 F.3d 793, 797 (8th Cir. 2003) (emphasis original; quoting *United States v. Kisling*, 334 F.3d 734, 735 (8th Cir. 2003) and *United States v. Orta*, 760 F.2d 887, 891 (8th Cir. 1985) (en banc)).

The Bail Reform Act requires the Court to consider a number of factors, the first of which includes the nature and circumstances of the offense charged. § 3142(g)(1). The charge

against Mr. Johnson is serious, but the Bail Reform Act preserves his presumption of innocence. § 3142(j). The Court also considers the weight of the evidence, which is strong.

The Court takes into account Mr. Johnson's history and personal characteristics, including:

> the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings.

§ 3142(g)(3)(A).

Mr. Johnson has strong family and community ties in the St. Louis region. However, he does not have a suitable home plan. He suffers from both physical pain from prior gun shots and mental health problems with anxiety. He is not financially stable. He does not have a passport. Mr. Johnson uses marijuana daily and has done so since he was 14. His criminal history contains no convictions and no pending violent offenses. The Court will impose strict conditions of release sufficient to reasonably assure his appearance in court and the safety of the community.

The Court will impose conditions of release which will require Mr. Johnson to reside in a home approved by the United States Pretrial Services Office. Counsel for Mr. Johnson should work with Pretrial Services to submit a viable home plan. Pretrial Services will determine whether it approves of Mr. Johnson's home plan prior to his release on bond. Mr. Johnson will be prohibited from using or possessing any illegal controlled substances and from possessing any weapons. He will be subjected to drug testing. The Court will limit his travel to the Eastern District of Missouri. He will be placed on location monitoring with a curfew.

The Court must consider the nature and seriousness of the danger which would be posed by Mr. Johnson's release. The Court is mindful of the seriousness of the charge against Mr. Johnson, but believes these strict conditions of release will reasonably assure his appearance in

court and the safety of the community. Finally, the Court may inquire as to the source of the funds used to post Mr. Johnson's bail. However, the Court sees no need to make such an inquiry as the Court will release Mr. Johnson on his own recognizance once his home plan is approved.

The Court has carefully considered the Government's motion for detention. After considering all of these matters, the Court will release Mr. Johnson on a set of conditions which will reasonably assure his appearance and the safety of the community. With these conditions in place, the Court does not find by a preponderance of the evidence that there is a serious risk Mr. Johnson will not appear as required. Nor does the Court find by clear and convincing evidence that there is a serious risk he will endanger the safety of another person or the community.

**IT IS HEREBY ORDERED** that the Government's Motion for Pretrial Detention, (ECF No. 4), is DENIED.

STEPHEN R. WELBY
UNITED STATES MAGISTRATE JUDGE

Dated this 26th day of January, 2024.