UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | Case No. 4:23-cr-00583-SEP |
| ) | |
| LAWRENCE Q. JOHNSON, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER

Before the Court are Defendant Lawrence Q. Johnson's Application for Writ of Habeas Corpus ad Prosequendum, Doc. [67], and the Government's Motion to Vacate Trial Setting, Doc. [70]. For the reasons set forth below, Johnson's application is denied, and the Government's motion is granted.

Johnson is currently in the custody of the St. Louis County Sheriff's Department while he awaits resolution of his State charges in *State v. Lawrence Quinn Johnson*, No. 24SL-CR06046 (21st Jud. Cir. Sept. 17, 2024). Johnson asks the Court to issue a writ of habeas corpus ad prosequendum pursuant to 28 U.S.C. § 2241(c)(5), directing the United States Marshals Service to bring him before this Court "for trial or any other hearing(s) that may be necessary" in the instant federal criminal matter. Doc. [67]. Section 2241 of Chapter 28 of the United States Code allows a prisoner to seek such a writ where it is "necessary to bring him into court to testify or for trial." Because Johnson has not shown that issuance of the writ is necessary at this time, the Court will deny his application.

Bringing Defendant to federal court to prosecute his case is not necessary to protect his rights under the Speedy Trial Act, as the pending petition to revoke Defendant's bond, Doc. [52], "is the functional equivalent of a motion to revoke pretrial detention," and time attributable to the resolution of the petition is thus excludable under 18 U.S.C. § 3161(h)(1)(D). *United States v. Hohn*, 8 F.3d 1301, 1305 (8th Cir. 1993). For the Court to order his transfer to this jurisdiction would impose costs and inconvenience on both the state authorities and various entities involved in the federal case. Defendant has not shown that such costs would be justified, much less "necessary," and traditional principles of comity militate against unwarranted interference by this Court in a state court prosecution.

Because Johnson has not met his burden of establishing that issuance of the writ is necessary, his application is denied, and the Government's motion to vacate the trial setting will be granted.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant Lawrence Q. Johnson's Application for Writ of Habeas Corpus ad Prosequendum, Doc. [67], is **DENIED.**

**IT IS FURTHER ORDERED** that the Government's Motion to Vacate Trial Setting, Doc. [70], is **GRANTED**, and the trial setting is **VACATED** to be reset by further order of the Court.

**IT IS FURTHER ORDERED** that the time from the date the petition to revoke Defendant's bond, Doc. [52], was filed until its final disposition is excluded for purposes of the Speedy Trial Act, 18 U.S.C. § 3161**.**

**IT IS FINALLY ORDERED** that the parties must notify the Court of any material developments in the case in a timely manner**.**

Dated this 3rd day of July, 2025.

_____
SARAH E. PITLYK
UNITED STATES DISTRICT JUDGE